IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PIOTR LEPESH, TESHOME FESEHAZION-GEBREKIDAN, and KIPOUNG SOMSANUK, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Petitioners, | ) ) | Civ. No. 04-1815-PA |
| v. | ) ) ) | |
| B.I. INC., doing business as BEHAVIORAL INTERVENTIONS; GEORGE WIGEN, Correctional Services Corp.; A. NEIL CLARK, Regional Director of U.S. Immigration and Customs Enforcement; ASA HUTCHINSON, Under Secretary for Border and Transportation Security; TOM RIDGE, Secretary, Department of Homeland Security; and JOHN ASHCROFT, Attorney General of the United States, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Respondents. | ) ) | |

**PANNER, J.**

Petitioners Piotr Lepesh, Teshome Fesehazion-Gebrekidan, and

1 - ORDER

Kipoung Somsanuk, on behalf of themselves and all others similarly situated, bring this petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming that the government's Intensive Supervision Appearance Program, or ISAP, violates their constitutional rights.

I deny respondents' motion to dismiss and grant petitioners' motions to join.

**BACKGROUND**

Petitioners Lepesh, Fesehazion-Gebrekidan, and Somsanuk are aliens subject to final orders of removal. However, the Bureau of Immigration and Customs Enforcement (ICE) has been unable to remove petitioners because petitioners' native countries will not accept their repatriation. ICE placed petitioners in ISAP.

Petitioners filed an amended petition in December 2004. In January 2004, ICE removed petitioners from ISAP. Respondents then filed their motion to dismiss the amended petition, arguing that petitioners' claims were moot because the named petitioners were no longer in ISAP. Respondents also argue that petitioners failed to name the proper respondent.

Petitioners now seek to add Roberto Montes de Oca Martinez and Son Nguyen as petitioners and proposed class representatives. Martinez states by affidavit that he is a native and citizen of Cuba, born in 1975. In 1994, he sought admission to the United States at the Guantanamo military base. In September 1995, after

2 - ORDER

months of detention in U.S. bases, Martinez was paroled into the United States. He moved to Portland.

Because of criminal convictions, in 2002 Martinez was ordered removed to Cuba. The removal order is final, but Cuba does not accept repatriation of its citizens from the United States.

Martinez was released in 2002, but he violated conditions of his post-prison supervision in 2004 and 2005. After being released on August 1, 2005, Martinez was required to enroll in ISAP. He must wear an ankle bracelet at all times for electronic monitoring and remain in his house from 7:00 p.m. to 7 a.m. each day. He must report in person to ICE officials three times per week.

The other proposed petitioner, Son Nguyen, is a native and citizen of Vietnam, born in May 1970. He and his parents came to the United States as refugees in 1980.

Because of criminal convictions, Nguyen was ordered removed in July 1998. Vietnam does not accept repatriation of its citizens from the United States. Nguyen was detained by immigration authorities until 2000, when this court ordered his release on reasonable conditions.

Nguyen violated the conditions of his state parole in 2003. The state released him in March 2005. Like Martinez, Nguyen was required to enroll in ISAP, and is subject to similar conditions.

## DISCUSSION

### I. Motions to Join Proceedings

Martinez and Nguyen move to join the petition. I grant the motions.

Respondents argue that the motions should be denied because petitioners' attorney failed to consult with them regarding the motion to join filed by Martinez. Although I do not condone the alleged failure to consult, I will not deny the motions to join on that ground.

In their joinder motions, petitioners allege that Martinez and Nguyen are enrolled in ISAP. Petitioners are challenging the conditions imposed in ISAP. Under these circumstances, I grant the motions to join. I need not address whether the initial three petitioners must be dismissed because they are no longer in ISAP. Allowing joinder has no bearing on the merits of petitioners' claims, or on the proposed class certification.

### II. Proper Respondent

A habeas petitioner challenging physical custody generally should name his "immediate custodian" as the respondent. Rumsfeld v. Padilla, 124 S. Ct. 2711, 2721-22 (2004). Here, respondents contend that the petition should be dismissed because they are not the petitioners' immediate custodians. Respondents contend that petitioner's immediate custodian is Supervisory Deportation Officer Tony Lam, who is the "designated ISAP

officer" for the Portland ICE office.

A petitioner's failure to name the proper respondent is not a jurisdictional flaw. See id. at 2727 (Kennedy, J., concurring) (requirements that immediate custodian be named as respondent, and that petition must be filed in district where custodian is located, "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction"). Here, I allow petitioners to add Lam as a respondent. I need not rule at this time whether the already named respondents are properly included. See id. at 2718 n.8 (Court refused to decide "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation"); cf. Armentero v. INS, 412 F.3d 1088, 1088 (9th Cir. 2005) (because it dismissed habeas petition based on "fugitive disentitlement," court declines to determine proper respondent).

## CONCLUSION

Respondents' motion to dismiss amended petition (#16) is denied. Petitioners' motions to join (##24, 28) are granted. Respondents are to brief the merits of the petition within thirty days from the date of this order.

DATED this 30 day of September, 2005.

/s/ Owen M. Panner
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

5 - ORDER